UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

PETER SZCZEPANSKI,

    Plaintiff,

    v.

DANA, INC.,

    Defendant.

Case No. 1:22-CV-00318-GSL

## OPINION AND ORDER

This matter is before the Court on Defendants Motion for Summary Judgment. [DE 19]. For the following reasons, the Court GRANTS Defendant's motion.

### A. Factual Background[1]

Plaintiff worked for Defendant for less than a year—December 2020 to July 2021. [DE 20, ¶ 4]. During his employment, Plaintiff was a Maintenance Supervisor at Defendant's factory in Fort Wayne, Indiana. [*Id.* at ¶ 6]. Plaintiff is a Caucasian man currently in his sixties. [*Id.* at ¶ 1].

In June 2021, Defendant's corporate office solicited employees to work temporarily at a factory in Tennessee. [*Id.* at ¶ 8]. Plaintiff asked his supervisor—Ray Draper—if he could work

---

[1] Defendant's Statement of Material Facts [DE 20] is accepted as true. Plaintiff makes no attempt to comply with Fed. R. Civ. P. 56 or N.D. Ind. L. R. 56-1(b). Plaintiff's Response to the Statement of Material Facts [DE 26] merely restates Defendant's facts without providing corresponding denials or any other response. Plaintiff also subsequently filed an affidavit [DE 27], which is improper under Local Rule 56-1(d) because it is "additional briefing" filed without leave of this Court. Even if the Court were to construe this additional briefing as Plaintiff's response to the facts or as additional facts, this briefing still does not comply with the local rules. Local Rule 56-1(b)(2) requires citations to the evidence in support of disputes to a fact and in support of additional facts. Plaintiff's affidavit [DE 27] does not contain any citations to evidence and, therefore, Plaintiff's contentions are unsupported. Local Rule 56-1(e). Given Plaintiff's complete failure to comply with the applicable local rules, the Court accepts the properly supported facts in Defendant's filing [DE 20] as true. *See Buckley v. S.W.O.R.N. Prot. LLC*, No. 20-CV-357, 2022 WL 4598577 (N.D. Ind. Sept. 30, 2022) (Plaintiff's counsel failed to comply with Local Rule 56-1 here too).

temporarily at the Tennessee plant, but Mr. Draper told him no because Plaintiff was needed at his current work assignment in Fort Wayne. [*Id.* at ¶ 9]. Draper is also a Caucasian man currently in his fifties. [*Id.* at ¶ 6].

On July 18, 2021, Plaintiff contacted an off-site human resources representative and volunteered to temporarily work at the Tennessee plant, despite his supervisor, Mr. Draper, specifically telling him that he could not go. [*Id.* at ¶ 11]. Subsequently, Plaintiff was scheduled to complete a weeklong assignment at the Tennessee plant, which he started on July 19, 2021. [*Id.* at ¶ 13]. Plaintiff did not inform Mr. Draper that he was taking this temporary work assignment in Tennessee or that he would not be showing up to his regular shifts in Fort Wayne. [*Id.* at ¶ 12].

On July 19, 2021—Plaintiff's first day on his temporary assignment in Tennessee—Mr. Draper texted Plaintiff, asking why he wasn't at his shift in Fort Wayne, and Plaintiff responded that he was at the Tennessee factory. [*Id.* at ¶ 14]. Mr. Draper reprimanded Plaintiff for leaving his Fort Wayne assignment without approval and instructed him to return to the factory. [*Id.*]. On July 20, 2021, Mr. Draper again texted Plaintiff, asking why he had not yet returned to work in Fort Wayne. [*Id.* at ¶ 16]. Plaintiff did not return to work until the evening of July 22, 2021. [*Id.*].

When Plaintiff returned to work in Fort Wayne, he had a meeting with Mr. Draper and human resources. [*Id.* at ¶ 17]. Plaintiff acknowledged leaving his Fort Wayne work assignment without informing his supervisor or obtaining approval. [*Id.*]. At the conclusion of the meeting, Plaintiff was fired. [*Id.*].

Plaintiff filed the instant suit on August 30, 2022. [DE 3]. He alleges that Defendant discriminated against him because of his age and race, in violation of the Age Discrimination in

2

Employment Act of 1967 ("ADEA") and the Civil Rights Act of 1964 ("Title VII"), respectively. [*Id.*].

### B. Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant "bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of" the evidence that "demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To survive a properly supported motion for summary judgment, "the nonmoving party must present evidence sufficient to establish a triable issue of fact on all elements of its case." *McAllister v. Innovation Ventures, LLC*, 983 F.3d 963, 969 (7th Cir. 2020).

There exists a genuine dispute of a material fact if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party on the evidence presented. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding a motion for summary judgment, the court may not make credibility determinations, weigh evidence, or choose between reasonable inferences from the facts. *Id.* at 255. Such is within the providence of the jury, not the judge. *Id.* Instead, the court must view all the evidence in the light most favorable to the non-moving party and resolve all factual disputes in favor of the non-moving party. *Id.*

### C. Discussion

#### a. Age Discrimination in Employment Act Claim

To succeed on an ADEA claim, Plaintiff must prove that 1) he belongs to a protected class, 2) he performed his job to his employer's legitimate expectations, 3) he suffered an adverse employment action, and 4) one or more similarly situated individuals outside his

3

protected class received better treatment. *Brooks v. Avancez*, 39 F.4th 424, 434 (7th Cir. 2022) (citing *Tyburski v. City of Chicago*, 964 F.3d 590, 598 (7th Cir. 2020)). If Plaintiff establishes this prima facie case of discrimination, then Defendant must produce evidence demonstrating that its actions were based on legitimate, nondiscriminatory reasons. *Brooks*, 39 F.3th at 434. If Defendant rebuts successfully, then Plaintiff must demonstrate that Defendant's reasons are pretextual. *Id. See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) (establishing burden-shifting framework for discrimination claims).

Plaintiff fails to establish a prima facie case for an ADEA claim because he does not sufficiently demonstrate at least two elements. First, Plaintiff did not meet Defendant's legitimate expectations for job performance, and Plaintiff does not offer any evidence to the contrary. Plaintiff directly disobeyed his supervisor's order not to leave the Fort Wayne factory. And when Plaintiff did leave the factory for the one-week assignment in Tennessee, he did not inform his supervisor of his prospective absence. Afterwards, Plaintiff did not return to the Fort Wayne factory until 3 days after being informed by Mr. Draper that he needed to come back to his assigned shift. [DE 20, ¶¶ 16–17]. On a prior occasion, Plaintiff had similarly left the factory without informing and getting permission from his supervisor, Mr. Draper. [*Id.* at ¶ 7]. And after that incident, Mr. Draper had reprimanded him and informed him that "I will not tolerate leaving the plant in the future." [*Id.*] (citing Plaintiff's deposition). While other events may have contributed to and justified Plaintiff's dismissal, Plaintiff's refusal of his supervisor's direct order to not leave his Fort Wayne shift is sufficient by itself to demonstrate that he failed to meet his employer's legitimate expectations. *See, e.g., Ford v. Rockford Bd. of Educ.*, 781 F. App'x 554, 555–556 (7th Cir. 2019) (affirming that disobeying a principal's order to attend a school

4

field trip demonstrated a school staff member's failure to meet an employer's legitimate expectations).

Second, Plaintiff did not offer any evidence that he was treated less favorably than individuals outside his protected class. Plaintiff confirms as much in his deposition:

> Q. Okay. And I understand you're 63 years old, and you're a Caucasian person.
>
> A. Uh-huh.
>
> Q. Beyond that, do you have any other evidence that your termination was related to your age or your race?
>
> A. No.

[DE 20-2] (Plaintiff's Deposition). In his response, Plaintiff also confirms that he "admittedly does not know of any other employee at the Fort Wayne plant, who went to work at the Humboldt, Tennessee plant when he was there." [DE 25, page 3]. So, Plaintiff cannot demonstrate that there are individuals outside of his protected class that could have received more favorable treatment.

Plaintiff only argues that "there is something 'fishy' about the facts of the case." [*Id.*]. However, as previously noted, Plaintiff failed to properly dispute any part of Defendant's Statement of Material Facts. [DE 26]. Plaintiff's Response does not point to any evidence in the record that would support a claim of age discrimination or provide any nonfrivolous arguments.[2] [DE 25]. This Court's independent review of the record did not

---

[2] In addition, Plaintiff's Response is replete with grammatical and spelling errors, and other writing anomalies. So much so, Plaintiff's arguments, to the extent that they exist, are indiscernible. With some of the more egregious errors, Plaintiff's brief argues in complete opposition to the party's own position. *See, e.g.*, [DE 25, page 4] ("Plaintiff [sic] **cant** establish pretext") (emphasis added); [*Id.*] ("his age discrimination claims **must fail**") (emphasis added).

5

reveal any evidence that would support Plaintiff's claim. Therefore, Plaintiff fails to establish a prima facie case for his ADEA claim.

### b. *Title VII Claim*

In his Response, Plaintiff agrees to "dismiss his race claim with prejudice." [DE 25, page 1]. No further analysis by the Court is necessary.

## CONCLUSION

The Court hereby GRANTS Defendant's Motion for Summary Judgment. [DE 19]. The Court DIRECTS the Clerk of Court to enter judgment against Plaintiff and in favor of Defendant. Plaintiff takes nothing by his Complaint.

SO ORDERED.

ENTERED: July 31, 2024

/s/ GRETCHEN S. LUND
Judge
United States District Court